JOURNAL ENTRY and OPINION.
{¶ 1} Appellant Anthony Wilson appeals from a judgment of the common pleas court adjudicating him a sexual predator pursuant to R.C. 2950. On appeal, he assigns the following error for our review:
 {¶ 2} "The trial court's adjudication classifying defendant as sexual predator was not based upon substantial evidence."
 {¶ 3} Having reviewed the record and law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 4} The record reflects on July 23, 1991, Anthony Wilson pleaded guilty to one count of rape in violation of R.C. 2907.20 and was sentenced to an indefinite prison term of eight to twenty-five years. On June 5, 2001 the State of Ohio filed its request for pursuit of sexual predator adjudication. On October 11, 2001, the trial court held a hearing to determine whether Wilson should be classified as a sexual predator, pursuant to R.C. 2950.09.
 {¶ 5} At the hearing that ensued, Wilson, along with the State of Ohio, stipulated to the court's psychiatric clinic report for a House Bill 180 evaluation. The report was compiled from various tests administered to Wilson prior to the hearing. The tests result indicated more than a forty percent (40%) chance Wilson would commit a sexual crime in the future.
 {¶ 6} The State presented evidence that Wilson had a prior record regarding sexual offenses, as well as a history of other criminal actions, and that he was on probation to the Court at the time of the rape to which he pled guilty. Additionally, the State entered a statement by the victim, Yancy Craig, which indicated she was crossing the street at night when Wilson pulled her into League Park, took her under a bleacher, and raped her at knife point.
 {¶ 7} Wilson, through his attorney, indicated that he and the victim knew each other, and they shared crack cocaine several hours before the offense took place. He argued the psychiatric test result showed a forty-two percent (42%) chance of reocurrence within six years, but the offense happened eleven years ago. Further, while incarcerated, Wilson had completed twenty-seven programs dealing with sexual abuse, therefore, recidivism should be statistically lower than the forty-two percent (42%) the report indicated. His attorney also noted Wilson's fiancee was in the courtroom, and they planned to be married soon, and that should also lessen the chance of this type of crime happening again.
 {¶ 8} Wilson testified he offered to take a blood test to show he did not rape Yancy Craig, but he and defense counsel disagreed on how to proceed. He stated he and Yancy Craig knew each other, but he placed her in a difficult situation by taking her somewhere around other people without her knowing she was going to be performing sexual acts. He maintained he did not rape her.
 {¶ 9} The Court told Wilson he reviewed the psychiatric test results, took into consideration his prior sexual record for gross sexual imposition, the present rape conviction which occurred while on probation, and his other non-sexual criminal offenses; and therefore, had decided to adjudicate him a sexual predator. Wilson now appeals.
 {¶ 10} In his sole assigned error, Wilson challenges the sufficiency of the evidence classifying him as a sexual predator.
 {¶ 11} R.C. Chapter 2950 defines three classifications of sex offenders: sexual predators, habitual sexual offenders, and sexually oriented offenders. R.C. 2950.09, Cook.[1] To earn the most severe designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
 {¶ 12} Once a person is designated a sexual predator, R.C. Chapter 2950 places certain obligations on the offender. Sexual predators must register with their county sheriff and provide a current home address, the name and address of the offender's employer, a photograph, and any other information required by the Bureau of Criminal Identification and Investigation. R.C. 2950.04(C). In addition, sexual predators must provide the license plate number of each motor vehicle owned by the offender or registered in the offender's name. R.C. 2950.04(C)(2). Sexual predators must verify their current home address every ninety days for life. R.C. 2950.06(B)(1). Moreover, the sheriff with whom the offender has most recently registered must notify particular community members of the offender's status as a sexual predator and of his current address, if the trial court imposes that requirement. R.C. 2950.10 and 2950.11.
 {¶ 13} The trial court must determine by clear and convincing evidence that the offender is a sexual predator.[2] Clear and convincing does not mean clear and unequivocal; rather, it refers to "that measure or degree of proof which will produce in the mind of the trier of the fact a firm belief or conviction as to the facts sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases."[3] As a reviewing court, we must examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.[4]
 {¶ 14} R.C. 2950.09(B)(2) requires that the trial court take into consideration all relevant factors in making a sexual predator determination, including those enumerated in the statute.
 {¶ 15} Pursuant to R.C. 2950.09(B)(2), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender completed any sentence imposed for any conviction, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
 {¶ 16} The trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to defendant in order to conclude the defendant is a sexual predator. State v. Fugate,[5] and Butler.[6]
 {¶ 17} We conclude the record sufficiently supports Wilson's sexual predator classification. First, the court ordered a psychiatric evaluation of Wilson. Wilson was given a battery of tests, which assumed that Wilson answered truthfully. The evaluation revealed a forty-two percent (42%) chance that Wilson would commit a sexual oriented crime. Second, the court considered Wilson's prior conviction for gross sexual imposition. Third, Wilson's present rape conviction, an offense which occurred while Wilson was on probation for his previous sexual offense. These two convictions for sexually oriented offenses reveal a pattern which signals similar crimes in the future. The second offense, committed while on probation, indicates a total disregard for the law. Fourth, the testimony that the victim was raped at knife point, exhibits extreme cruelty. Fifth, Wilsons lengthy legal history as an adult, albeit for non-sexual crimes cannot be taken lightly.
 {¶ 18} Based on a review of the record, we conclude the trial court's finding was based on sufficient evidence. Accordingly, we affirm Wilson's classification as a sexual predator.
Judgment affirmed.
SEAN C. GALLAGHER, J., and ANTHONY O. CALABRESE, JR., J., concur.
[1] (1998), 83 Ohio St.3d at 407.
[2] R.C. 2950.09(B)(4).
[3] State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247, quotingCross v. Ledford (1954), 161 Ohio St. 469, 477.
[4] Cross.
[5] 1998 Ohio App. LEXIS 286 (Feb. 2, 1998).
[6] App. No. CA97-03-065.